UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THOMAS WILLIAM COLLINS,

                        Plaintiff,

                                                                                             Case # 18-CV-71-FPG

v.

                                                                                          DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

Plaintiff Thomas William Collins brings this action pursuant to the Social Security Act seeking review of the denial of his Disability Insurance Benefits ("DIB") application. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 11. For the reasons that follow, Collins's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On August 3, 2014, Collins protectively applied for DIB with the Social Security Administration ("the SSA"). Tr. 126.[1] He alleged that he had been disabled since September 13, 2013, due to bilateral knee pain, shin bone aches, and a sore back. Tr. 147, 151. On January 20, 2017, Collins amended his alleged onset date to October 1, 2015. Tr. 201. On January 23, 2017, Collins and a vocational expert ("VE") testified at a hearing before Administrative Law Judge Lynette Gohr ("the ALJ"). Tr. 29. On March 2, 2017, the ALJ issued an unfavorable decision.

---

[1] References to "Tr." are to the administrative record in this matter.

Tr. 7. On November 15, 2017, the Appeals Council denied Collins's request for review. Tr. 1. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id.* § 404.1509. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id*. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. Id. § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Collins's claim for benefits under the process described above. At step one, the ALJ found that Collins had not engaged in substantial gainful activity since the alleged onset date. Tr. 12.

At step two, the ALJ found that Collins has the following severe impairments: left knee arthritis, status post arthroscopy with partial medial meniscectomy and patellofemoral

chondroplasty, and degenerative disc disease of the lumbar spine. Tr. 12. At step three, the ALJ found that Collins's physical impairments, alone or in combination, did not meet or medically equal the criteria of an impairment in the Listings. Tr. 13.

Next, the ALJ determined that Collins retained the RFC to perform medium work[2] and specified the following additional limitations: Collins can occasionally climb ramps, stairs, ladders, ropes, and scaffolds; and balance, stoop, kneel, crouch, and crawl. Tr. 13.

At step four, the ALJ found that Collins cannot perform any past relevant work. Tr. 19. At step five, the ALJ found that Collins could adjust to other work that exists in significant numbers in the national economy given his RFC, age, education, and work experience. Tr. 19-20. Specifically, the VE testified that Collins could work as packager, car detailer, or order picker. Tr. 20. Therefore, the ALJ determined that Collins was not disabled.

## II. Analysis

Collins argues that the ALJ's RFC determination is not supported by substantial evidence.[3] The Court agrees.

Regarding Collins's knee impairment, the ALJ gave "little" or "limited" weight to the three medical opinions in the record because two of them were framed in terms of Collins's ability to perform his past work and were limited in duration and the third was rendered in 2014, before Collins had knee surgery.

The ALJ may have properly weighed these opinions, but without relying on any medical opinions as to Collins's limitations and abilities given his knee impairment, she appears to have

---

[2] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, [the SSA] determine[s] that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

[3] Collins advances other arguments that he believes require reversal of the Commissioner's decision. ECF No. 8-1 at 11-17. The Court will not reach those arguments because it remands based on the improper RFC determination.

4

based the RFC determination on her own lay opinion of the bare medical findings. Her decision included over four pages discussing the medical findings in the record before even reaching the opinions, which she gave limited weight. The ALJ summarized the bare medical findings, Collins's daily activities, and his subjective complaints of pain and concluded that the "medical evidence and [Collins's] reported activities supports a finding that he could do medium work. Given his medically determinable severe and non-severe impairments, limitations were added on his ability to climb, balance, stoop, kneel, crouch, and crawl." Tr. 18.

But an ALJ is not a medical professional and "[i]t is well settled that judges are 'not allowed to "play doctor" by using their own lay opinions to fill evidentiary gaps in the record.'" *McGlothin v. Berryhill*, No. 1:17-CV-00776-MAT, 2019 WL 1499140, at *5 (W.D.N.Y. Apr. 4, 2019) (quoting *Suide v. Astrue*, 371 F. App'x 684, 690 (7th Cir. 2010) (unpublished opn.)); *see also Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (citation omitted) ("An ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence.").

Regarding Collins's back impairment, the ALJ again gave "little" weight to two opinions but gave "significant" weight to the third opinion, that of consultative examiner Michael Rosenberg, M.D., who indicated that Collins had mild restrictions in lifting, carrying, and prolonged walking or standing due to his history of back and knee pain. The ALJ found Dr. Rosenberg's opinion to be consistent with the "normal examinations" of Collins's back, the diagnostic imaging, and Collins's subjective complaints of pain. Tr. 19.

However, Collins's back was not "normal" as even the ALJ recognized by finding him to have a severe back impairment. In summarizing the medical evidence related to Collins's back

5

impairment, the ALJ stated that "examinations revealed no related clinical abnormalities."  Tr. 15. Confusingly, however, in the same paragraph, the ALJ lists the numerous degenerative changes and impairments reflected by MRIs and x-rays performed in 2016, well after Dr. Rosenberg's 2014 examination.  Tr. 15.  Accordingly, the Court finds that the ALJ erred in giving significant weight to Dr. Rosenberg's opinion that Collins had only mild restrictions due to his back impairment.  *See Agee ex rel. M.P.W. v. Astrue*, No. 12-CV-0657, 2013 WL 6384595, at *10 (W.D.N.Y. Dec. 6, 2013), *report and recommendation adopted*, 2014 WL 61407 (Jan. 8, 2014) (remanding where ALJ confusingly cited evidence that appeared to support the claimant and "left the Court with no guidance as to how the ALJ decided on a less than marked limitation").

For the reasons stated, the Court finds that the RFC determination is not supported by substantial evidence and that remand is required.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 11) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g).  *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000).  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: July 17, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court